UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>v.<br><br>JACK WILLIAM MORGAN,<br><br>                               Defendant. | Case No. 2:17-cr-00064-KJD-GWF<br>2:20-cv-01828-KJD<br><br>**ORDER** |

Presently before the Court are seven pro se motions filed by Defendant Jack Morgan: (1) Motion for Copy of Court File and to Appoint Counsel (#143), (2) Motion for Appointment of Counsel (#146), (3) Motion for Copies (#159), (4) Motion for Status Update (#163), (5) Motion for Copy of Document (#164), (6) Motion for Form for Sentence Reduction (#166), and (7) Motion for Copies (#177).[1]  The Court will address each motion in turn, beginning with Morgan's Motion for Copy of Court File and to Appoint Counsel (#143).

I.   Analysis

**A. Motion for Copy of Court File and to Appoint Counsel (#143)**

Defendant's motion requests a "complete electronic copy of [his] court file, including discovery[.]" (#143, at 1). Although Defendant was recently granted IFP status (See #180), the statute allowing a party to proceed in forma pauperis does not include the right to obtain court documents without payment. See 28 U.S.C. § 1915; Local Special Rule 1-6. Therefore, the Court ordinarily cannot provide free copies even to indigent plaintiffs proceeding in forma pauperis. Jackson v. Philson, No. 3:20-CV-00009-GMN-CLB, 2020 WL 9888358, at *1 (D. Nev. Sept. 28, 2020). However, as a courtesy, the Court will provide Defendant with a copy of the docket sheet.

Moreover, Defendant requests appointment of counsel for assistance in filing a "§ 2241

---

[1] In a related case, 2:20-cv-01828-KJD, Defendant filed a Motion for Status (#5), requesting an update on his motion to vacate. (#5). The Court declines to address Defendant's request as it has already been addressed by his filings in the current matter. Therefore, the motion is dismissed.

motion." (#143). The right to appointed counsel extends to the first appeal of right, and no further. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Instead, the decision to appoint counsel in post-conviction proceedings rests with the discretion of the district court. United States v. Harrington, 410 F.3d 598, 600 (9th Cir. 2005). Here, Morgan's motion fails to make any allegations that constitute the type of exceptional circumstances that would warrant the appointment of counsel. As such, the Court finds that appointment of counsel is unwarranted.

### B. Motion for Appointment of Counsel (#146)

Liberally construed, Defendant's motion requests that this Court appoint counsel to evaluate whether recent legislation has any impact on his sentence. (#146); see generally Draper v. Rosario, 836 F.3d 1072, 1080 (9th Cir. 2016) ("[P]ro se pleadings must be construed liberally[.]"). As stated above, Defendant is not entitled to counsel, and his recent motion adds no new reasoning that persuades the Court otherwise. Furthermore, Defendant requests an update regarding this Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#138). Id. Defendant filed his motion to vacate on September 30, 2020, and on October 20, 2020, the Court denied the motion. (#139). As such, Defendant's motion is dismissed. However, as a courtesy, the Court will provide Defendant with a copy of its order.

### C. Motion for Copies (#159)

Defendant's motion requests an update regarding his motion for compassionate release (#147). (#159). Currently, the motion is under adjudication, and a final determination is forthcoming. As such, Defendant's motion is dismissed.

### D. Motion for Status Update and Request for Transcripts (#163)

Defendant's motion requests an update regarding his motion for compassionate release (#147) and a request for transcripts. (#159). As stated above, the motion for compassionate release is still undergoing adjudication, with a final determination to follow. Furthermore, the request for transcripts was made in response to Defendant's appeal, and no further action is necessary regarding this request. (See #120/121). As such, Defendant's motion is dismissed.

### E. Motion for Copy of Document (#164)

Defendant's motion requests an update regarding his motion for compassionate release

(#147) and requests that a 28 U.S.C. "§ 2255 form and compassionate release form" be sent to him. (#164). As previously mentioned, the motion for compassionate release is still under adjudication, and a final decision with be made thereafter. Furthermore, as stated above, the statute allowing a party to proceed in forma pauperis does not include the right to obtain court documents without payment. See 28 U.S.C. § 1915; Local Special Rule 1-6; Jackson, 2020 WL 9888358, at *1. In addition, the Court finds no reason to provide Defendant with a courtesy copy of these forms, as his motion to vacate has already been ruled on, and his motion for compassionate release is still pending. As such, Defendant's motion is dismissed.

**F.  Motion for Form for Sentence Reduction and Motion for Copies (#166/177)**

Defendant's motions are a reiteration of requests already submitted to the Court—requests for copies of documents, status updates regarding his motion to vacate, and the appointment of counsel. (#166/177). As the motions add nothing new to Defendant's numerous requests, they are dismissed.

II.   Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Copy of Court File and to Appoint Counsel (#143), Motion for Appointment of Counsel (#146), Motion for Copies (#159), Motion for Status Update (#163), Motion for Copy of Document (#164), Motion for Form for Sentence Reduction (#166), and Motion for Copies (#177) are all **DISMISSED**.

Furthermore, **IT IS ORDERED** that Defendant's Motion for Status (#5), in case 2:20-cv-01828-KJD, is **DISMISSED**.

The Clerk of the Court is kindly directed to send Defendant the following:

1. A copy of the docket sheet in this case.
2. A copy of the Court's Order (#139).

Dated this 10th day of April 2024.

_____
Kent J. Dawson
United States District Judge